Matthew P. Minser, Esq. (SBN 296344)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, California 94502
Telephone: (510) 906-4710
Email: mminser@sjlawcorp.com

Attorneys for Plaintiffs, Boards of Trustees of
the San Diego Electrical Pension Trust, et al.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

BOARD OF TRUSTEES OF THE SAN DIEGO
ELECTRICAL PENSION TRUST;

BOARD OF TRUSTEES OF THE SAN DIEGO
ELECTRICAL HEALTH & WELFARE TRUST;

ANDY BERG and JEREMY ABRAMS, Trustees,

        Plaintiffs,

    v.

ALARM CENTER GROUP, INC., a California
corporation dba I.ACCESS; I-ACCESS INC., a
Nevada corporation; ALARM CENTER, INC., a
California corporation,

        Defendants.

Case No. **'20 CV 1589 CAB BLM**

**COMPLAINT**

## Parties

1.  The San Diego Electrical Pension Trust ("Pension Fund") and the San Diego Electrical Health & Wealth Trust ("Health Fund") are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3), and are multi-employer plans as defined by ERISA §3(37)(A) (29 U.S.C. §1002(37)(A)). Andy Berg and Jeremy Abrams are Trustees of the Trust Funds with authority to act on behalf of all Trustees. Plaintiffs Board

**COMPLAINT**

\\SJLAW-FILES\Public\CLIENTS\SDECL\Alarm Center Group\Pleadings\Complaint\Alarm Center Group - Complaint.docx

of Trustees of the San Diego Electrical Pension Trust and Board of Trustees of the San Diego Electrical Health & Wealth Trust are authorized to bring suit and collect monies for all Plaintiffs, including all other funds to which Defendants are obligated to contribute under the Bargaining Agreements described below. These Funds and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs."

2.      The Pension Fund and the Health Fund are authorized by the respective Boards of Trustees of the San Diego Electrical Training Trust (Joint Apprenticeship and Training Fund), San Diego Electrical Annuity Plan, National Electrical Industry Fund, Education and Manpower Development Trust, and the Labor-Management Cooperative Fund (each a 'Trust Fund" and collectively the "Trust Funds" or the "Bargained Entities"), to receive and collect contributions on behalf of these Trust Funds. Additionally, the Pension Fund, and the Health Fund are authorized by the International Brotherhood of Electrical Workers Local 569 ("IBEW 569" or the "Union") to receive and collect union dues on behalf of IBEW 569.

3.      The Pension Fund, the Health Fund, the San Diego Electrical Training Trust, and the San Diego Electrical Annuity Plan, are jointly administered labor-management trust funds which were created and maintained pursuant to LMRA § 302(c)(5) (29 U.S.C. § 186(c)(5)). These Trust Funds are multi-employer plans within the meaning of ERISA §§ 3(37)(A) and 515 (29 U.S.C. §§ 1002(37)(A) and 1145). These Trust Funds are, and at all times relevant herein were, duly organized and operating in this state, administered in San Diego County.

4.      The Education and Manpower Development Trust, the Labor-Management Cooperative Fund, and the International Brotherhood of Electrical Workers Local 569, are entities created by the International Brotherhood of Electrical Workers and/or the National Electrical Contractors' Association for the benefit of their members and are and at all times relevant herein were, duly organized and operating in San Diego County, in the State of California.

5.      Alarm Center Group, Inc., a California Corporation dba I-Access ("Alarm Center Group"), I-Access Inc., a Nevada Corporation ("I-Access"), and   Alarm Center, Inc., a California

**COMPLAINT**

Corporation ("Alarm Center") (collectively "Defendants") are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

Jurisdiction

6.      Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

7.      Jurisdiction exists in this Court over all the claims by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of a valid Bargaining Agreement.

8.      To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

Venue

9.      Venue is conferred upon this Court by § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal place of business in San Diego, California. Thus, jurisdiction and venue are properly grounded with this Court.

10.      Venue exists in this Court with respect to the claims under LMRA § 301, 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

///

///

**COMPLAINT**

Bargaining Agreements

11.   Defendant Alarm Center Group, through its corporate Secretary, Shawn Kenville, entered into an agreement entitled Letter of Assent, and by this Letter of Assent, agreed to be bound by a collective bargaining agreement known as the "Local 569 Sound Agreement" (Sound Agreement) between the San Diego Chapter, NECA and Local Union 569, IBEW.  The Letter of Assent and Sound Agreement are referred to collectively as the "Bargaining Agreements".  Mr. Kenville's signature on behalf of Alarm Center is dated September 30, 2019.  Mr. Kenville specifically listed 7352 Convoy Ct., San Diego, CA as the address for Defendant Alarm Center Group. Plaintiffs are third party beneficiaries of the Bargaining Agreements.

12.   Under the Bargaining Agreements and the governing documents of ERISA Plaintiffs (the "Trust Agreements"), which are incorporated into the Bargaining Agreements and made binding on Defendants, Defendants are required to regularly pay to ERISA Plaintiffs, the Bargained Entities, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendants' employees. Contributions are due on the fifteenth (15th) day of the month following the month the hours were worked, and are considered delinquent if not received by that day. Defendants are also required, pursuant to the Bargaining and Trust Agreements, and ERISA to pay liquidated damages for each delinquent contribution. Moreover, the Bargaining and Trust Agreements, and ERISA provide that interest accrues on delinquent contributions from the day contributions become delinquent, until paid.

13.   The Bargaining Agreements further requires Defendants to submit any and all relevant records to Plaintiffs for examination to determine whether Defendants are making full and prompt payment of all sums required to be paid by it to Plaintiffs. Should an audit of Defendants' records reveal Defendants have failed to provide full and prompt payment of all sums due, Defendants must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

Factual Allegations

14.   Plaintiffs are informed and believe that on or about July 21, 2016, a California

4

**COMPLAINT**

Contractors' License was issued under # 1016417 for "ALARM CENTER GROUP INC dba I.ACCESS," a Corporation. Plaintiffs are informed and believe that per the public records of the California Contractors State License Board, the RMOs of ALARM CENTER GROUP INC dba I.ACCESS are LOUELLA DALUGDUG KENVILLE and SHAWN ANTHONY M DALUGDUG KENVILLE. Plaintiffs are informed and believe that the address associated with this Contractors' License is 7352 CONVOY CT SAN DIEGO, CA 92111 and the phone number associated with this Contractor's License is 800-219-3068. Plaintiffs are informed and believe that this license is for Classifications C10 – Electrical, C7 – Low Voltage Systems and C28 – Lock and Security Equipment. Plaintiffs are informed and believe that this Contractors' License remains active.

15.    Plaintiffs are informed and believe that on or about January 30, 2007, a California Contractors' License was issued under # 890390 for "I ACCESS INC.," a Corporation. Plaintiffs are informed and believe that per the public records of the California Contractors State License Board, the RMO/CEO/President of I ACCESS INC. is LOUELLA DALUGDUG KENVILLE and that SHAWN ANTHONY M DALUGDUG KENVILLE was associated as an RMO from 2017 through December 2019. Plaintiffs are informed and believe that the address associated with this Contractors' License is 7354 CONVOY CT SAN DIEGO, CA 92111 and the phone number associated with this Contractor's License is 800-219-7068. Plaintiffs are informed and believe that this license is for Classifications C10 – Electrical, and C7 – Low Voltage Systems. Plaintiffs are informed and believe that this Contractors' License remains active.

16.    Plaintiffs are informed and believe that on or about November 21, 2011, "ALARM CENTER GROUP, INC." was registered with the California Secretary of State. Plaintiffs are informed and believe that the Entity Address associated with ALARM CENTER GROUP, INC. is 7352 CONVOY CT SAN DIEGO, CA 92111. Plaintiffs are informed and believe that the Officers associated with ALARM CENTER GROUP, INC. are LOUELLA DALUGDUG KENVILLE, SHAWN KENVILLE and JULES KENVILLE. Plaintiffs are informed and believe that on September 16, 2016, ALARM CENTER GROUP, INC. filed a Statement of Information with the California Secretary of State. Plaintiffs are informed and believe that in response to question 16 "Describe the Type of Business

**COMPLAINT**

1   of the Corporation" the Statement of Information lists "I. Access." Plaintiffs are informed and believe

2   that on October 8, 2019, ALARM CENTER GROUP, INC. filed a Statement of Information indicating

3   "No Change" to the information contained in the previously filed Statement of Information.

4         17.     Plaintiffs are informed and believe that on or about December 15, 2005, "I-ACCESS

5   INC." was registered with the California Secretary of State. Plaintiffs are informed and believe that the

6   Entity Address associated with I-ACCESS INC. is 7350 CONVOY CT SAN DIEGO, CA 92111.

7   Plaintiffs are informed and believe that the Officers associated with I-ACCESS INC. are LOUELLA

8   DALUGDUG KENVILLE, and STEVE ANGELES KENVILLE. Plaintiffs are informed and believe

9   that on October 14, 2010, I-ACCESS INC. filed a Statement of Information with the California

10   Secretary of State. Plaintiffs are informed and believe that in response to question 16 "Describe the Type

11   of Business of the Corporation" the Statement of Information lists "Access Control, Security Sys."

12   Plaintiffs are informed and believe that on October 8, 2019, I-ACCESS INC. filed a Statement of

13   Information indicating "No Change" to the information contained in the previously filed Statement of

14   Information.

15         18.     Plaintiffs are informed and believe that on or about February 25, 1985, "ALARM

16   CENTER, INC." was registered with the California Secretary of State. Plaintiffs are informed and

17   believe that the Entity Address associated with ALARM CENTER, INC. is 7352 CONVOY CT SAN

18   DIEGO, CA 92111. Plaintiffs are informed and believe that the Officers associated with ALARM

19   CENTER, INC. are LOUELLA DALUGDUG KENVILLE, SHAWN DALUGDUG KENVILLE,

20   STEVE DALUGDUG KENVILLE and JULES DALUGDUG KENVILLE. Plaintiffs are informed and

21   believe that on July 9, 2011, ALARM CENTER, INC. filed a Statement of Information with the

22   California Secretary of State. Plaintiffs are informed and believe that in response to question 16

23   "Describe the Type of Business of the Corporation" the Statement of Information lists "Security

24   Retailer." Plaintiffs are informed and believe that on January 7, 2020, ALARM CENTER, INC. filed a

25   Statement of Information indicating "No Change" to the information contained in the previously filed

26   Statement of Information.

27         19.     Plaintiffs are informed and believe that Defendant Alarm Center Group, Defendant

28

**COMPLAINT**

Alarm Center, and Defendant I-Access are operating as a single employer and/or are continuations, successors, or alter egos of one another.  Accordingly, Plaintiffs allege that Defendant Alarm Center Group, Defendant Alarm Center, and Defendant I-Access are equally bound to the terms of the Bargaining Agreements referenced above.

20.    Defendants have failed and refused to report and pay contributions for hours worked by their employees during the months of October 2019 through July 2020. Liquidated damages and interest are owed to Plaintiffs for the unreported and unpaid contributions for that period.

21.    Defendants have failed and refused to comply with an audit of their payroll records for the period from September 30, 2019 through the present.

22.    Plaintiffs are entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, found due on timecards, further audit, or otherwise, including estimated contributions for any months Defendants fail to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct a further audit to determine whether there are any additional amounts due from Defendants.

## **FIRST CAUSE OF ACTION**

**For Audit Compliance, Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendants**

23.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 22, above.

24.    Defendants have a contractual duty to timely pay the required contributions to Plaintiffs and the Bargained Entities, and to timely pay dues to the Union, pursuant to the Bargaining Agreements and Trust Agreements. Defendants also have a contractual duty under the Bargaining Agreements, and Trust Agreements incorporated therein, to permit an audit of their records to determine whether they are making full and prompt payment of all sums required to be paid to Plaintiffs, and to pay Plaintiffs all amounts found due as a result of an audit, including audit fees.

25.    In addition, Defendants have a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a)

**COMPLAINT**

26.     By refusing to permit an audit of its records, and by refusing to report and pay fringe benefits for hours worked by their employees, Defendants breached the Bargaining Agreements and are in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

27.     Defendants' failure and refusal to permit the audit and to pay the required contributions was at all times, and still is, willful. Defendants continue to breach the Bargaining Agreements, and incorporated Trust Agreements, by failing to pay all amounts owed as alleged. Said refusal is unjustified and done with knowledge and intent.

28.     ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendants are ordered specifically to perform all obligations required on Defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and is restrained from continuing to refuse to perform as required thereunder.

29.     This Court is authorized to issue injunctive relief based on the traditional standard.  As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits.  There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries.  The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

30.     This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendants. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendants as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

1.     For an order,

(a)     requiring that Defendants comply with their obligations to Plaintiffs under the terms of the Bargaining Agreements and the Trust Agreements, including permitting an audit of their records as requested by Plaintiffs;

8

**COMPLAINT**

(b)     enjoining Defendants from violating the terms of those documents and of ERISA; and

(c)     enjoining Defendants from disposing of any assets until said terms have been complied with, and from continuation or operation of Defendants' businesses until said terms have been complied with.

2.      For a judgment against Defendants as follows:

a.      Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendants fail to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

i.      To ERISA Plaintiffs and the Bargained Entities, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreement;

ii.     To the Union in accordance with the Bargaining Agreement.

b.      Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

c.      Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreement, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132 (g)(2)(B).

3.      Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreement for all Bargained Entities; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

///
///
///
///

**COMPLAINT**

1        4.      That the Court retain jurisdiction of this case pending compliance with its orders.

2        5.      For such other and further relief as the Court may deem just and proper.

3  DATED: August 17, 2020           SALTZMAN & JOHNSON LAW CORPORATION

By:  /S/ Matthew P. Minser
Matthew P. Minser
Attorneys for Plaintiffs Boards of Trustees of
the San Diego Electrical Pension Trust, et al.

---

**COMPLAINT**

\\SJLAW-FILES\Public\CLIENTS\SDECL\Alarm Center Group\Pleadings\Complaint\Alarm Center Group - Complaint.docx